IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL ALLAN McCORMICK, | ) | |
| # 284 527, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-667-MHT |
| | ) | [WO] |
| ABNER RILEY POWELL, IV, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, files this 42 U.S.C. § 1983 complaint alleging that Defendants Abner Powell and Kathleen Barnes perpetrated a fraud in the Circuit Court for Covington County. Specifically, Plaintiff claims these defendants presented the state court with a fraudulently obtained plea of not guilty and waiver of arraignment form which, Plaintiff claims, contained his forged signature causing him irreparable damage, permanent harm to his character and reputation, mental pain, loss of employment and wages, cruel and unusual punishment, and a denial of liberty. Plaintiff also names as defendants various judges, attorneys, and state, county, and local officials, and an investigator with the Alabama State Bar alleging these individuals "willfully assisted" and "jointly conspired" in the fraud on the state court perpetrated by Defendants Powell and Barnes when they should have known Plaintiff did not sign the waiver form but failed to take any affirmative action to correct and/or report the alleged unlawful actions of Defendants Powell and Barnes.[1] Plaintiff

---

[1] In addition to Defendants Powell and Barnes, the named defendants include Chief Assistant District Attorney Grace Jeter, the Honorable Ashley McKathan, the Honorable Charles Short, Assistant District Attorney Paul Adams, District Attorney Walt Merrell, Sheriff Dennis Meeks, Chief of the Andalusia Police Department Paul Hudson, Assistant Attorney General Marc Starrett, Alabama Attorney General

requests damages for the alleged violations of his constitutional rights. Upon review of the complaint and amendments thereto (*see* Docs. 1, 8, 9), the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C.§ 1915(e)(2)(B)(i-ii).[2]

## I. DISCUSSION

### A. Malicious Complaint

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action, or appeal therein. The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint. 28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e)(2)(B)(i)]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *see*

---

Luther Strange, Governor Robert Bentley, the Honorable Mary Windom, the Honorable Roy Moore, and Investigator Carol Wright. Docs. 1, 8, 9.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

*Bagby v. Karriker*, 555 Fed. App'x. 405, 406 (5th Cir. 2014) (unpublished)(affirming the dismissal of the complaint as malicious and frivolous because it was duplicative of a prior action as the claims it raised could be fairly said to be arising from the same series of events); *Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), adopted, 2012 WL 1994914 (S.D. Ala. 2012).; *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021. The complaint filed in this case relies on the same incident as other complaints previously filed by Plaintiff with this court. The court has considered each aspect of Plaintiff's litigation and determines that his complaint is repetitive with regard to the claims presented in *McCormick v. Powell, IV*, Civil Action 2:14-CV-970-MHT (M.D. Ala. 2014), and *McCormick v. Barnes,* Civil Action No. 2:14-CV-971-MHT (M.D. Ala. 2014).

Here, Plaintiff simply files a new cause of action regarding the same event and/or series of events as he presented in earlier causes of action filed with this court. In addition to filing this action against two of the same defendants named in his earlier complaints, Plaintiff also names numerous additional defendants in connection with the same incident which gave rise to those previous lawsuits. In his previous complaints, Plaintiff had a full opportunity to litigate his claims

regarding the allegedly forged and/or fraudulent court document which he maintains was submitted in his 2008 state court criminal proceedings. Because the subject matter of Plaintiff's complaint arises out of the same incident, or repeats the same factual allegations asserted by him in earlier civil actions, even if now filed against new defendants, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and, thus, malicious.[3] *See Bailey*, 846 F.2d at 1021. *See generally Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

**B. Conspiracy Claims**

Even if Plaintiff could successfully bring his complaint against the named defendants, his allegation that they conspired to perpetrate a fraud against him regarding the filing in state court of the allegedly fraudulent not guilty plea and waiver of arraignment form is subject to dismissal. Plaintiff does not allege any facts suggestive of conspiracy. Rather, his allegations of conspiracy are conclusory and vague and fail to allege much less indicate that Defendants reached an agreement or a tacit understanding to commit acts in violation of any constitutionally protected right to which Plaintiff is entitled.[4] *See Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984);

---

[3] Even if Plaintiff's complaint were properly before the court, his claims against the named defendants would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and/or (iii). *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Stump v. Sparkman*, 435 U.S. 349 (1978) (state judge absolutely immune from civil liability for acts taken pursuant to his judicial authority); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").

[4] The court notes that Plaintiff indicates that in addition to bringing his claims under 42 U.S.C. § 1983, he also wishes to invoke §§ 1985 and 1986. To the extent that Plaintiff seeks to proceed under subsection 3 of § 1985, Plaintiff's allegations of conspiracy are conclusory and vague, as explained above. Moreover, Plaintiff does not allege that Defendants' conduct was motivated by the racial or otherwise class-based

4

*Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990); *see also Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy). Accordingly, Plaintiff's conspiracy claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. The Statute of Limitations**

Finally, a review of the complaint and amendments thereto also reflect that Plaintiff's suit is subject to dismissal on statute of limitations grounds. This action concerns events which occurred on or before March 12, 2008, when the allegedly fraudulent and/or forged not guilty plea and waiver of arraignment form was filed in state court. Even if Plaintiff could argue that he was not aware of the submission of the allegedly forged document in the state court on March 12, 2008, the evidentiary material before the court reflects he knew about the existence of the document by July 16, 2014. On that date, Defendants Powell and Barnes responded to an inquiry from the Alabama State Bar regarding a complaint Plaintiff had filed against them concerning the document made the subject of this action. *See* Doc. 1, Exh. 4. It is clear from the face of the complaint that any claims for relief presented by Plaintiff arising from actions which occurred either on or before March 12, 2008, and/or on or before July 16, 2014, are barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this court.[5] Under applicable case law,

---

invidiously discriminatory animus required under § 1985(3). Therefore, Plaintiff's claims under § 1985 are frivolous. His failure to state a claim under § 1985 also precludes Plaintiff from stating a claim under § 1986. *See Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997) ("The text of § 1986 requires the existence of a § 1985 conspiracy."). Plaintiff also references the First, Fifth, Sixth, and Fourteenth Amendments, but the complaint is devoid of any factual allegations that would support claims under these provisions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 555, 556 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[5]Plaintiff filed his complaint in this court on August 15, 2016. Doc. 1. Because he failed to sign and date his complaint, the signature page of the complaint was returned to him. Plaintiff returned and filed with the court the signed signature

5

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run - *i.e.*, when the cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id.* (brackets in original) (citations and quotation marks omitted). Usually, this accrual takes place when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured, and is aware or should be aware who caused the injury. *Garza v. Hudson*, 436 F. App'x 924, 925 (11th Cir. 2011) (unpublished).

Considering Plaintiff's allegations, he was aware of the basis for the matters alleged in this action, at the latest, by July 16, 2014, as this is the date Defendants Powell and Abner responded to a complaint Plaintiff had filed with the Alabama State Bar regarding the allegedly fraudulent not guilty plea and waiver of arraignment form. The tolling provision of Ala. Code § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar. Thus, the statute of limitations as to those claims Plaintiff presents regarding actions that occurred on or before March 12, 2008, and/or of which he became aware on or before July 16, 2014, expired, on or before

---

page of the complaint which was dated August 22, 2016. *See* Doc. 1. In light of the foregoing, the court considers August 15, 2016 as the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

6

March 12, 2010, or, at the latest, by July 16, 2016, and review of these claims is therefore barred by the applicable two-year period of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green*, 788 F.2d at 1120.

From the complaint, amendments, and supporting exhibits, it is clear that more than two years passed between the accrual of Plaintiff's claims and the filing of this action on August 15, 2016. Plaintiff has no legal basis on which to proceed insofar as he presents claims regarding actions which occurred on or before March 12, 2008 and/or on or before July 16, 2014. In light of the foregoing, the court concludes this action is barred by the statute of limitations and is,

therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Fish v. Geico Ins.*, 606 F. App'x 576 (11th Cir. 2015) (unpublished).

**D. State Law Claims**

Plaintiff seeks to invoke the supplemental jurisdiction of this court regarding his claims arising under the Alabama Constitution and his claims for fraud, fraudulent misrepresentation, and/or breach of a fiduciary duty arising under state law. *See* Docs. 1, 8, 9. Review of pendent state law claims is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim. In the posture of this case, however, the court concludes that exercising supplemental jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (internal quotation marks and citations omitted). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims presented in the complaint, Plaintiff's supplemental state tort claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-ii);

2. Plaintiff's supplemental state law claims be DISMISSED without prejudice;

3. Plaintiff's motion for summary judgment (Doc. 3) be DENIED.

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that **on or before October 14, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 30th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge